# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

__James Posey__
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30328

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

5/31/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

James Posey Order of Detention

Defendant is charged by way of criminal complaint with Possession of a Firearm by a Prohibited Person (Felon). Defendant is a 35 year old single male who has one minor child whom he never sees, according to his mother. Defendant reported having no children. Defendant stated that he lives with his mother at 19732 Hamburg in Detroit. Defendant's mother said that she hasn't lived at that address for months, as it burned down, and that she has been staying with a friend in Troy since March. Defendant's mother reported that her son has been living in an abandoned house..."the one he was arrested at"....for the past two years.

Defendant is unemployed and has been for the past several years. He has no assets or liabilities. Defendant suffers from mental/emotional disorders which the mother believes to be schizophrenia, although he has never been formally diagnosed. She says that he has auditory and visual hallucinations, paranoia, hears voices and sees black shadows. He changes into "another person" and has violent mood swings, especially when he drinks alcohol.

Defendant was convicted of Assault with Intent to do Great Bodily Harm Less than Murder in 2010. The victim was his 48 year old mother, whom he assaulted in the basement of her home and then struck with an aluminum chair telling her "you're gonna die". She was found bleeding with head wounds when the police arrived after she called 911. Defendant's mother will not allow him to live with her under any circumstances.

While on probation for assaulting his mother Defendant absconded, and engaged in additional criminal activity. A warrant is outstanding for his probation violation as he failed to appear in court for the hearing.

Defendant is a felon who has an assaultive criminal history, and in the instant case he was found in possession of a firearm. Coupled with his mental health issues, which have gone untreated for his entire life, he poses a danger to the community. Defendant's history of noncompliance while under supervision is a predictor of his ability to comply with any conditions of bond which this Court might set. Defendant is clearly a danger to the community, as he has proven with regard to the conviction of assaulting his own mother. He is too unstable to comply with conditions of bond, which he has proven with regard to his existing probation violation which will be heard on June 7, 2013 in Wayne County Circuit Court. Additionally he has proven himself to be a risk of flight by his absconding from supervision and subsequent failure to appear.

There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in Court. Therefore Detention is Ordered.